UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>SEAN WESTLEY POWERS,<br><br>Movant. | No. 2:19-cr-0171 WBS DB 1<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant claims his criminal history was improperly calculated in the presentence report and his attorney was ineffective for failing to object to the presentence report. Presently before the court is movant's § 2255 motion (ECF No. 33), the government's opposition to movant's §2255 motion (ECF No. 39), and movant's request for copies (ECF No. 38). For the reasons set forth below, the court will deny movant's request for copies and recommend that movant's § 2255 motion be denied.

**FACTS AND PROCEDURAL BACKGROUND**

**I.     Prior Proceedings**

This action was initiated on September 13, 2019, when a criminal complaint was filed charging movant with possession with intent to distribute methamphetamine. (ECF No. 1.) Thereafter, a grand jury returned an indictment charging movant with: (Count 1) possession with intent to distribute methamphetamine (a violation of 21 U.S.C. § 841(a)(1)); (Count 2) possession

1

1  with intent to distribute heroin (a violation of 21 U.S.C. § 841(a)(1)); (Count 3) possession of

2  cocaine (a violation of 21 U.S.C. § 844); (Count 4) possession of Alprazolam (a violation of 21

3  U.S.C. § 844); and (Count 5) possession of Carisoprodol (a violation of 21 U.S.C. § 844).  (ECF

4  No. 7.)

5       On March 2, 2020, movant agreed to plead guilty to possession with intent to distribute

6  methamphetamine, a violation of 21 U.S.C. § 841(a)(1).  (ECF No. 17.)  Counts two, three, four,

7  and five were dismissed.

8       The Probation Office submitted its final presentence report (PSR) on November 4, 2020.

9  (ECF No. 28.)  The PSR contained an eight-page summary of movant's criminal history,

10  calculated his offense level as 21, established a criminal history category of V, and determined

11  the guideline range was 70 to 87 months imprisonment.  (ECF No. 28 at 8-15.)

12       A sentencing hearing was held on November 30, 2020.  (ECF No. 31.)  At the hearing,

13  movant was sentenced to 72 months imprisonment.  (ECF No. 31.)

14      **II.**    **The Petition**

15       Movant alleges counsel rendered ineffective assistance by failing to object to the criminal

16  history points assigned in the PSR and the failure caused him to receive an improper sentencing

17  guideline range.  (ECF No. 33 at 4.)  He further states that the PSR relied on convictions that

18  were over fifteen years old.  (Id. at 5.)  Movant argues that because of these errors the entire

19  sentencing proceedings should be rendered invalid.  (Id. at 6.)  Movant requests that he be

20  resentenced.  (Id. at 13.)

21      **III.**    **The Government's Opposition**

22       The government argues that movant waived the right to collaterally attack his conviction

23  and sentence when he entered into the plea agreement.  (ECF No. 39 at 1.)  The government

24  further argues that no convictions outside of the fifteen-year limitations period were used and

25  thus, his criminal history was accurately calculated.  (Id. at 2.)

26                     **LEGAL STANDARDS FOR § 2255 MOTIONS**

27       A federal prisoner making a collateral attack against the validity of their conviction or

28  sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28

U.S.C. § 2255, filed in the court which imposed the sentence. United States v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. Davis v. United States, 417 U.S. 333, 344-45 (1974); United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis, 417 U.S. at 346; see also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008). Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require the court to hold a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

## DISCUSSION

### I. Waiver of Right to Appeal or Collaterally Attack the Conviction

The government argues that movant waived his right to collaterally attack his sentence based on the terms of the plea agreement. (ECF No. 39 at 4-5.)

#### A. Legal Standards

"A defendant's waiver of his rights to appeal and to bring a collateral attack is generally enforced if '(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" Davies v. Benov, 856 F.3d 1243, 1246 (9th Cir. 2017) (quoting United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2017)). It is defendant's burden to show that the plea agreement was not knowing and voluntary. United States v. Michlin, 34 F.3d 896, 900 (9th Cir. 1994). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005), cert. denied, 54 U.S. 1074 (2006); see also United States v. Chan, 721 Fed. Appx. 728 (9th Cir. 2018) ("A waiver

of a defendant's right to appeal or collaterally attack a conviction does not preclude a subsequent claim of ineffective assistance of counsel in which the defendant calls into question his entry into the agreement that contained the waiver." (citing Washington, 422 F.3d at 869-70)).

### B. Analysis

At the outset the court notes that movant has not argued that he entered the plea agreement involuntarily or that he received ineffective assistance of counsel during the plea negotiation process. Rather, his claim in the instant § 2255 motion is that his criminal history points were improperly calculated, and his counsel was ineffective in failing to object to the miscalculation during sentencing. (ECF No. 33 at 4-6.)

In the plea agreement (ECF No. 19), movant agreed "to give up the right to appeal any aspect of the guilty plea, the conviction, and the sentence imposed in this case" unless the sentence imposed exceeded the statutory maximum. (ECF No. 19 at 7-8.) Movant also agreed to give "up the right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, and sentence imposed in this case," . . . "regardless of the sentence [he] receives." (Id. at 8.)

The statutory maximum sentence for the offense to which movant pled guilty is "40 years of incarceration . . . ." (Id. at 6.) Movant was sentenced to 72 months imprisonment. This sentence is well under the statutory maximum. Thus, pursuant to the terms of the plea agreement, movant gave up the right to appeal or collaterally attack his conviction. United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000) (holding defendant who waived the right to appeal a sentence also waives "the right to argue ineffective assistance of counsel at sentencing"); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991) (declining to consider defendant's claim that the court misapplied the sentencing guidelines because he had waived the right to appeal in the plea agreement and he was sentenced in accordance with the terms of the agreement).

### II. Criminal History Category Improperly Calculated

Movant alleges that the court used convictions from 1992, 1994, 1999, and 2007 to calculate his criminal history category. (ECF No. 33 at 5.) However, review of the PSR indicates

////

that while the PSR notes that movant sustained convictions in 1990, 1991, 1992, 1994, and 1999, points were not awarded for those convictions.  (See ECF No. 28 at 9-11.)

Three points were awarded in relation to a 2007 conviction for which movant was sentenced to three years in prison.  (ECF No. 28 at 11.)  The PSR states these points were awarded pursuant to United States Sentencing Guidelines Manual § 4A1.1(a).  (Id.)  The application notes to the Sentencing Guidelines § 4A1.1(a) state "[t]hree points are added for each prior sentence of imprisonment exceeding one year and one month.  There is no limit to the number of points that may be counted under this subsection . . . ."  Application Notes, U.S. Sentencing Guidelines Manual § 4A.1.1(a) (November 1, 2021).  However, "[c]ertain prior sentences are not counted" such as those in which the sentence was imposed "more than fifteen years prior to the commencement of the instant offense unless the defendant's incarceration extended into this fifteen-year period."  Id. (citing U.S. Sentencing Guidelines Manual § 4A1.2(e)).

The PSR states movant's sentence for the 2007 conviction was imposed on October 25, 2007.  (ECF No. 28 at 11.)  The indictment in this action indicates the offense was committed on August 13, 2019.  (ECF No. 7 at 1.)  Thus, points were not awarded for a conviction that was more than fifteen years old at the time movant committed the instant offense.

Movant has failed to show that any points were improperly awarded.  Accordingly, he has not shown that he is entitled to relief based on an alleged miscalculation of his criminal history category.

**III.    Counsel's Failure to Object to Presentence Report**

Movant has alleged that his counsel's performance was deficient because he failed to object to the criminal history points movant claims were improperly awarded in the PSR.  (ECF No. 33 at 4.)

In the opposition, the government argues counsel was not ineffective because movant has failed to show an error occurred during sentencing.  (ECF No. 39 at 5.)

////

////

### A. Legal Standards – Ineffective Assistance of Counsel

To succeed on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient and (2) that the "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

#### 1. Deficient Performance

Counsel is constitutionally deficient if their representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." Strickland, 466 U.S. at 687-88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 687).

A reviewing court is required to make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 669; see also Richter, 562 U.S. at 107. Reviewing courts must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. This presumption of reasonableness means that the court must "give the attorneys the benefit of the doubt," and must also "affirmatively entertain the range of possible reasons [defense] counsel may have had for proceeding as they did." Cullen v. Pinholster, 563 U.S. 170, 195 (2011) (internal quotation marks and alterations omitted).

A defense attorney has a general duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. See Strickland, 466 U.S. at 691. A claim of negligence in conducting pretrial investigation can form the basis for a claim of ineffective assistance. See United States v. Tucker, 716 F.2d 576, 581 (9th Cir. 1983); Hines v. Enomoto, 658 F.2d 667, 676 (9th Cir. 1981). Counsel must, at a minimum, conduct a reasonable investigation enabling them to make informed decisions about how best to represent their client. See Sanders v. Ratelle, 21 F.3d 1446, 1457 (9th Cir. 1994). Where the decision not to investigate further is taken because of reasonable tactical evaluations, the attorney's performance is not

constitutionally deficient.  See Siripongs v. Calderon, 133 F.3d 732, 734 (9th Cir. 1998).  If counsel reviews the preliminary facts of the case and reasonably decides to pursue only one of two conflicting defense theories, for example, they need not investigate the abandoned defense theory further.  See Turk v. White, 116 F.3d 1264, 1267 (9th Cir. 1997); Bean v. Calderon, 163 F.3d 1073, 1082 (9th Cir. 1998).

Thus, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.  See Cacoperdo v. Demosthenes, 37 F.3d 504, 508 (9th Cir. 1994) (decision whether to introduce medical evidence largely question of professional judgment).  That said, the label of "trial strategy" does not automatically immunize an attorney's performance from Sixth Amendment challenges.  See United States v. Span, 75 F.3d 1383, 1389-90 (9th Cir. 1996).

### 2. Prejudice

The second part of the Strickland test requires a movant to show that counsel's conduct prejudiced him.  Strickland, 466 U.S. at 691-92.  Prejudice is found when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A reasonable probability is one "'sufficient to undermine confidence in the outcome.'"  Summerlin v. Schriro, 427 F.3d 623, 640 (9th Cir. 2005) (quoting Strickland, 466 U.S. at 693).  "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between Strickland's prejudice standard and a more-probable-that-not standard is slight and matters 'only in the rarest case.'"  Richter, 562 U.S. at 112 (quoting Strickland, 466 U.S. at 693).  "The likelihood of a different result must be substantial, not just conceivable."  Id.

In evaluating prejudice, the court must "compare the evidence that actually was presented to the jury with the evidence that might have been presented had counsel acted differently," Bonin v. Calderon, 59 F.3d 815, 834 (9th Cir. 1995), and evaluate whether the difference between what was presented and what could have been presented is sufficient to "undermine confidence in the outcome" of the proceeding, Strickland, 466 U.S. at 694.  Prejudice is established if "there is a

////

1   reasonable probability that at least on juror would have struck a different balance" between guilty
2   and not guilty.  Wiggins v. Smith, 539 U.S. 510, 537 (2003).
3         When determining whether a movant has been prejudiced, the court considers the
4   cumulative effect of counsel's errors.  See Harris v. Wood, 64 F.3d 1432, 1438-39 (9th Cir. 1995)
5   (finding cumulative prejudice from counsel's performance that was "deficient in eleven ways,
6   eight of them undisputed" which "obviates the need to analyze the individual prejudicial effect of
7   each deficiency," but noting that "some of the deficiencies [may be] individually prejudicial");
8   see also Montana v. Egelhoff, 518 U.S. 37, 53 (1996) (The combined effect of multiple errors at
9   trial violates due process where it renders the trial fundamentally unfair. (citing Chambers v.
10  Mississippi, 410 U.S. 284 (1973).); Taylor v. Kentucky, 436 U.S. 478, 487 n.15 (1978).  The
11  Ninth Circuit has described the standard for evaluating cumulative error on habeas as
12  "determining whether the combined effect of multiple errors rendered a criminal defense 'far less
13  persuasive' and had a 'substantial and injurious effect or influence' on the jury's verdict."  Parle
14  v. Runnels, 505 F.3d 922, 928 (9th Cir. 2007) (quoting Strickland, 466 U.S. at 696).

15  **B.  Analysis**

16        "[A] court need not determine whether counsel's performance was deficient before
17  examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . If it is
18  easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which
19  we expect will often be so, that course should be followed."  Strickland, 466 U.S. at 697.  Movant
20  cannot show that he was prejudiced by counsel's failure to challenge the calculation of his
21  criminal history category because, as set forth above, he has not shown that it was improperly
22  calculated.  Counsel is not ineffective for failing to raise an argument that is without merit.  See
23  Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir. 1985) (citation omitted) ("Failure to raise a
24  meritless argument does not constitute ineffective assistance.").
25        As set forth above, movant has failed to show that his sentence was improperly calculated.
26  Thus, he has not shown that he received a longer sentence than he otherwise would have if it were
27  not for counsel's failure to object to the criminal history calculation in the PSR.  Strickland, 466
28  U.S. at 694 (To demonstrate prejudice, there must be a reasonable probability that, but for

counsel's errors, the result of the proceeding would have been different.)  Because he has not shown prejudice, the court finds his ineffective assistance of counsel claim should be denied.

## REQUEST FOR COPY OF SENTENCING TRANSCRIPTS

In addition to the motion to vacate, movant has filed a request for a copy of his sentencing transcripts and an extension of time.  (ECF No. 38.)  Movant did not specify the purpose for which additional time was necessary.  Additionally, at the time the motion was filed, there were no pending deadlines.  Thus, the court will deny the motion for an extension of time as moot.

In support of his request for a copy of his sentencing transcript he has cited 18 U.S.C. 3006A, which he states provides that defendants are entitled to one free copy of all court documents.  He states he is looking for a portion of the sentencing hearing where the judge used a 20-year-old robbery to give him more time.

"An indigent defendant has both a constitutional and a statutory right to a free transcript of prior proceedings if it is reasonably necessary to present an effective defense at a subsequent proceeding."  U.S. v. Pulido, 879 F.2d 1255, 1256 (5th Cir. 1989) (citing United States v. Johnson, 584 F.2d 148, 157 (6th Cir.), cert. denied, 440 U.S. 918 (1978); 18 U.S.C. § 3006A(e)(1).  However, "it has been held that a prisoner does not have an absolute right to a trial transcript to assist him in preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such material only after judicial certification that a transcript is necessary to decide issues presented by a non-frivolous pending case."  U.S. v. Van Poyck, 980 F.Supp.1108, 1111 fn. 2 (C.D. Cal. 1997) (citing United States v. Lewis, 605 F.2d 379 (8th Cir. 1979); Brazil v. Curry, No. 07cv0082 L(RBB), 2008 WL 3925161 at *11 (S.D. Cal. Aug. 26, 2008) ("transcripts need only be provided once a court finds they are necessary to determine the issue).

Here, the court does not find that production of the sentencing transcript is necessary.  Movant has failed to show an error in sentencing sufficient to justify relief.  Accordingly, movant's request for a copy of the sentencing transcript will be denied.

////

////

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that movant's request for an extension of time and for copies (ECF No. 38) is denied.

IT IS HEREBY RECOMMENDED that:

1. Movant's motion to vacate, set aside, or correct his sentence (ECF No. 33) be denied; and

2. The Clerk of Court be directed to close the companion civil case No. 2:21-cv-1929 WBS DB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If movant files objections, they shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 23, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/powe0171.2255 fr